# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES BAUHAUS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Case No. CIV-20-01003-JD |
| | ) |
| SCOTT CROW, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is United States Magistrate Judge Gary M. Purcell's Supplemental Report and Recommendation ("Report and Recommendation") [Doc. No. 15] recommending that Petitioner James Bauhaus's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 1] be dismissed without prejudice. [Doc. No. 15 at 8]. The Report and Recommendation also recommends that the Court decline to transfer the case to the United States Court of Appeals for the Tenth Circuit. [*Id.* at 7–8]. Judge Purcell advised Mr. Bauhaus of his right to object to the Report and Recommendation by March 3, 2021. [*Id.* at 8].

Mr. Bauhaus timely objected on February 26, 2021. [Doc. No. 16]. He objects to the application of the federal statute barring his successive habeas petition and courts' "refusal to address the facts . . . ." [*Id.* at 2]. Consequently, the Court reviews de novo the objected-to aspects of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Having

done so, the Court determines that dismissal without prejudice is proper and that transfer of the case is not in the interest of justice. The Court also declines to issue a certificate of appealability.

I. **Background**

Mr. Bauhaus was convicted by a jury of first-degree murder and sentenced to life in prison in 1974. [Doc. No. 1 at 1–2].[1] He appealed to the Oklahoma Court of Criminal Appeals, and his conviction and sentence were affirmed. *See Bauhaus v State*, 532 P.2d 434 (Okla. Crim. App. 1975).

The Report and Recommendation recounts some of Mr. Bauhaus's history of petitions for habeas corpus which need not be repeated in full here, as Mr. Bauhaus does not object to the summary. [*See* Doc. No. 15 at 1–4].[2] In short, Mr. Bauhaus previously sought habeas relief alleging the concealment of blood and fingerprint evidence and failure to test or analyze such evidence (which he alleges would show his innocence), failure to receive a speedy, fair, and impartial trial, ineffective assistance of counsel, false and improper witness testimony, inaccurate eyewitness testimony, concealing by law enforcement of witnesses' descriptions of the assailant, and improper statements by the

---

[1] In his petition, Mr. Bauhaus alleges his conviction and sentencing were in 1973, but the information on the docket for his case shows a conviction and sentence in 1974. *See* Oklahoma State Courts Network, Case. No. CF-1973-24, District Court of Tulsa County, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-1973-24&cmid=3317627 (last accessed Jan. 19, 2022).

[2] While he does not challenge the recitation of the history of his prior proceedings or the successive nature of his current habeas petition, the Court has nevertheless reviewed Mr. Bauhaus's prior proceedings and the petition and sees no material error in the summary that would impact the recommendation reached by Judge Purcell.

prosecutor at trial. [*Id*. at 2–4]. *See also Bauhaus v. Reynolds*, 153 F.3d 726 (Table), 1998 WL 453679 (10th Cir. 1998) (unpublished).

His current petition mirrors these past claims. He alleges that law enforcement concealed and refused to test blood evidence, that law enforcement failed to reveal or call a third eyewitness, that two eyewitnesses' testimony did not match their original descriptions of the assailant in police reports, that the public defender provided ineffective assistance of counsel, and that his trial was unfair. [Doc. No. 1 at 6–11].

The Report and Recommendation recommends dismissing the current petition as an unauthorized successive petition because Mr. Bauhaus has previously asserted these bases for habeas relief and failed to secure the required authorization by the Tenth Circuit. [Doc. No. 15 at 6–7]. The Report and Recommendation alternatively recommends that Mr. Bauhaus does not meet the standards in 28 U.S.C. § 2244(b)(2) allowing the review of previously unraised grounds for relief because he does not rely on a new rule of constitutional law or assert that the factual predicate of his claims was only recently discovered. [*Id.* at 7]. The Report and Recommendation further recommends that it would not be in the interest of justice to transfer the case to the court of appeals. [*Id.* at 7–8].

## II.  Second or successive habeas petitions

The United States Congress has enacted numerous statutes governing federal habeas proceedings and limiting a federal district court's power to grant relief on habeas to a state prisoner.

For second or successive federal habeas petitions brought by a state prisoner under 28 U.S.C. § 2254, Congress requires:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)–(2).

Further, § 2244(b)(3)(A) requires the petitioner to obtain authorization from the appropriate court of appeals before filing a second or successive habeas petition in district court. The Tenth Circuit has construed this provision to limit the district court's authority to reach the merits of the habeas petition. "A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the Tenth Circuit] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) (citing *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006)).

### III.    Analysis

Upon its de novo review, the Court concludes that Mr. Bauhaus's current petition is a successive petition that must be dismissed without prejudice.

Mr. Bauhaus challenges his conviction on the same bases as his prior habeas petitions. *See, e.g.*, *Bauhaus*, 1998 WL 453679, at *1 (claiming, among other things, he was deprived of due process by the concealment or suppression by police of "blood and fingerprint evidence that he alleges conclusively demonstrates he is innocent of the crime" and of police reports with the witnesses' description of the assailant); *Bauhaus v. Oklahoma*, Case No. CIV-00-813-E [Doc. No. 1] (N.D. Okla. Sept. 21, 2000) (seeking habeas relief based on failure to analyze blood and fingerprint evidence, flawed eyewitness testimony, and one eyewitness not being revealed); *id.* [Doc. No. 2] (order denying petition as successive and identifying other related habeas petitions in that court: 96-cv-929, 96-cv-1033, 98-cv-725, 00-cv-543). Comparing Mr. Bauhaus's claims of error and relief sought in the current petition with claims and relief he has sought in prior habeas proceedings,[3] Mr. Bauhaus is reasserting the same claims to challenge his conviction. Although he objects that his more recent habeas push is to challenge corruption by law enforcement and not to raise constitutional claims [Doc. No. 16 at 4], he has raised issues of corruption and concealment in earlier petitions. *See, e.g.*, *Bauhaus*, 1998 WL 453679, at *1. Thus, this habeas petition is successive, has not been authorized

---

[3] Mr. Bauhaus has many prior habeas petitions asserting the same claims of error, but only one is needed to render the current petition successive.

by the Tenth Circuit, and is barred by statute. *See* 28 U.S.C. § 2244(b)(1), (b)(3)(A); *see also In re Cline*, 531 F.3d at 1253 (concluding the district court properly treated the post-conviction claims as unauthorized successive claims "because they all substantively challenge the constitutionality of his conviction and detention, and are 'effectively indistinguishable' from habeas claims) (citations omitted).

Mr. Bauhaus objects to the application of the statute to his petition, which he characterizes as a "time bar" that permits courts to avoid reaching the facts. [Doc. No. 16 at 2]. He complains that no judge will review the merits of his claims and contends that "every judge has ducked the facts for almost 50 years." [*Id.* at 3].

Contrary to Mr. Bauhaus's objection, applying the statute in his case is not "reflexive agreement" with prior judges and courts, "rubberstamping," or "refusal to address the facts." [*See id.* at 2–4].[4] Rather, it is the Court following the directive of dismissal that Congress requires for successive habeas petitions, as his is here. 28 U.S.C. § 2244(b)(1). It is also proceeding as required of district courts in this circuit, as the

---

[4] Mr. Bauhaus has been incarcerated for a lengthy period of time for his state-court conviction of first-degree murder and expresses his frustration that courts will not reach the merits of his claims. In expressing his frustration, Mr. Bauhaus has included disdain and demeaning comments in his objection about various judges and courts, which the Court will not repeat here. The Court has reviewed the matter de novo and has fully considered his petition and his objection despite his commentary. However, Mr. Bauhaus is cautioned to temper his frustration and to avoid such language in the future, as it may serve as an independent basis to strike filings, dismiss an appeal, or disregard the "leniency typically given to pro se plaintiffs." *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) ("[I]f the complaint or other pleadings are abusive or contain offensive language, they may be stricken *sua sponte* under the inherent powers of the court.") (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981) (citing Fed. R. Civ. P. 12(f)).

6

Tenth Circuit has stated that district courts do not have the power to "address the merits" in these circumstances. *In re Cline*, 531 F.3d at 1251.

Even if the Court were to conclude that Mr. Bauhaus had presented a claim in his current petition that was not raised in a prior habeas application, the Court would still conclude that dismissal is proper under § 2244(b)(2) and (b)(3)(A). Mr. Bauhaus has not alleged a new rule of constitutional law that has retroactive application to him by the Supreme Court and was previously unavailable. 28 U.S.C. § 2244(b)(2)(A). There also is no indication in the record before the Court that the factual predicate for his claims could not have been discovered previously through the exercise of due diligence, and that the facts underlying the claims would be sufficient to establish by "clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* § 2244(b)(2)(B). Mr. Bauhaus also did not secure the authorization required by the Tenth Circuit. *Id.* § 2244(b)(3)(A).

Mr. Bauhaus does not set forth anything in his objection requiring further analysis regarding the application of these provisions. *See id.* § 636(b)(1). The Court has nonetheless reviewed the record and concludes that Mr. Bauhaus cannot satisfy these provisions, even assuming for his benefit, like the Report and Recommendation does, that he has asserted some previously unraised claim in his current petition. [*See* Doc. No. 15 at 7].

## IV.   Transfer is not in the interest of justice

In circumstances where the petitioner has failed to obtain the necessary circuit-court authorization, as here, the Court has discretion (1) to transfer the case to the Tenth

7

Circuit Court of Appeals, if transfer of the case would be in the interest of justice, or (2) to dismiss the petition without prejudice. 28 U.S.C. § 1631; *see also In re Cline*, 531 F.3d at 1252. In deciding whether a transfer to the court of appeals is in the interest of justice, the Court considers:

- whether the claims would be time barred if filed anew in the proper forum;
- whether the claims alleged are likely to have merit; and
- whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id*. at 1251. Under 28 U.S.C. § 2244(b)(3)(C), "[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."

After de novo review of the law, the applicable factors, and the analysis in the Report and Recommendation, the Court finds that transfer to the Tenth Circuit would not be in the interest of justice. [*See* Doc. No. 15 at 7–8]. It appears clear that based on the number of Mr. Bauhaus's similar habeas petitions that courts have denied, "at the time of filing the petition, the court lacked the requisite jurisdiction." *In re Cline*, 531 F.3d at 1251. It also appears clear that this successive application is barred by statute and that the claims, which have previously been raised, are likely to lack merit in the face of the evidence underlying his conviction and sentence. *Cf. Bauhaus*, 1998 WL 453679, at *2 (denying certificate of appealability and stating "[w]ere we to reach the merits, we would affirm the judgment of the district court . . . ."). Accordingly, the Court dismisses the

8

action without prejudice. *See Jackson v. Mullin*, 445 F. App'x 124, 125–26 (10th Cir. 2011) (unpublished) (dismissal is appropriate instead of transfer where § 2244(b) requirements for filing a successive petition were not met).

### V.     Certificate of appealability

A habeas applicant cannot take an appeal "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1); *see also* Rules Governing Section 2254 Cases Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where, as here, the district court has denied the motion on procedural grounds without reaching the underlying constitutional claim, a COA should issue if the movant demonstrates 'that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *United States v. Springfield*, 337 F.3d 1175, 1177 (10th Cir. 2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (bracket omitted). It is not appropriate for the Court to "undertake a full consideration of the factual or legal bases adduced in support of the claims," only "an *overview* of the claims in the habeas petition and a general assessment of their merits." *Id.* (citation omitted). If the petition is determined to be unlikely to meet the authorization

requirements in § 2244(b) for filing a successive petition, a certificate of appealability should not issue. *See Jackson*, 445 F. App'x at 125–26.

The Court has determined that Mr. Bauhaus's claims do not satisfy the requirements of § 2244(b). The Court concludes that jurists of reason would not find it debatable whether the petition states a valid claim of the denial of a constitutional right or sets forth the proper factual predicate for a successive petition, and the Court finds that jurists of reason would not find it debatable whether the conclusions in the Order are correct. *See Springfield*, 337 F.3d at 1177. The Court therefore denies a certificate of appealability as to all issues.

## VI. Conclusion

The Court ADOPTS the Report and Recommendation [Doc. No. 15] in its entirety for the reasons stated therein and in this Order. The Court DECLINES to transfer this case to the Tenth Circuit Court of Appeals and DISMISSES Mr. Bauhaus's claims without prejudice. The Court DENIES a certificate of appealability.

IT IS SO ORDERED this 19th day of January 2022.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE